UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6764**

| | |
|---|---|
| Sharmaine Scott<br>3 North 4th Ave., 12B<br>Maywood, IL 60153<br><br>    Plaintiff,<br><br>v.<br><br>Windham Professionals, Inc.<br>c/0 CT Corporation System,<br>Registered Agent<br>8025 Excelsior Dr., Suite 200<br>Madison, WI 53717<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE ZAGEL**<br>**MAGISTRATE JUDGE NOLAN**<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff incurred the debt from services related to the storage of her child's cord blood in a cord blood bank.

9. On March 23, 2007, Plaintiff filed a voluntary petition for bankruptcy.

10. The debt in question was incurred before Plaintiff filed the petition.

11. On July 5, 2007, Plaintiff's debts were discharged.

12. As described below, Defendant has contacted Plaintiff on several occasions in an effort to collect a debt that was discharged in bankruptcy.

13. In or around July 2007, but after July 5, 2007, Defendant telephoned Plaintiff regarding the debt.

14. During this communication, Plaintiff informed Defendant that the debt had been discharged in bankruptcy.

15. Despite Plaintiff's notice, Defendant contacted Plaintiff again on August 9, 2007.

16. During this communication, Plaintiff reiterated that Plaintiff had filed bankruptcy and the debt had been discharged.

17. During this communication, Defendant told Plaintiff that Defendant did not accept such notice over the phone and told Plaintiff that Plaintiff was required to send Defendant the original discharge order and could not send Defendant any copies.

18. During this communication, Defendant told Plaintiff that Defendant would continue to call Plaintiff until the debt was paid in full or Defendant received the original discharge order.

19. During this communication, Defendant threatened to garnish Plaintiff's wages.

20. During this communication, Defendant threatened to take Plaintiff's child's cord blood and stated that if Plaintiff's child got sick, she wouldn't have the cord blood to rely upon to treat the illness.

21. Despite Plaintiff's notice, Defendant contacted Plaintiff again on or around August 14, 2007.

22. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

23. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___s/ Timothy J. Sostrin_____
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com